SOUTH WIND MOTEL, APPELLANT, *v.*
OHIO CIVIL RIGHTS COMMISSION,
APPELLEE.

(No. 85AP-11—Decided July 30, 1985.)

*Jinx Statler Beachler,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Vincent T. Lombardo,* for appellee.

COOK, J. Appellant, South Wind Motel, has appealed the judgment of the Franklin County Court of Common Pleas affirming a decision of the Ohio Civil Rights Commission ("commission") that the motel had engaged in an unlawful discriminatory practice when it refused the request of Lillie Walker, one of its housekeepers, for some Sundays off to attend her church services and discharging her for not reporting to work on a Sunday. The commission also awarded Walker back pay from the date of her discharge to the date she refused an offer of the motel to reinstate her to her former position.

Appellant has appealed the judgment of the common pleas court and has asserted the following two assignments of error:

"I. The court of common pleas erred in finding that the appellee's Findings of Fact, Conclusions of Law, and Order that the complainant be awarded back pay less interim earnings from the date of discharge (July 3, 1982) to November 5, 1982, was supported by reliable, probative, and substantial evidence.

"II. The court of common pleas erred in finding that the appellee's Findings of Fact, Conclusions of Law, and Order that the appellee had proved a violation of the statute was supported by reliable, probative, and substantial evidence."

The assignments of error are without merit.

It is an unlawful employment practice in Ohio for an employer to discharge an employee because of his or her religion. R.C. 4112.02(A). In an employment discrimination case brought pursuant to R.C. Chapter 4112, for the Ohio Civil Rights Commission to determine that respondent has engaged in or is engaged in an unlawful discriminatory practice, there must be reliable, pro-

bative, and substantial evidence sufficient to support a finding of discrimination under Title VII of the Civil Rights Act of 1964, Section 2000e *et seq.*, Title 42, U.S. Code; *Plumbers & Steamfitters Commt.* v. *Ohio Civil Rights Comm.* (1981),· 66 Ohio St. 2d 192, 196 [20 O.O.3d 200].

Section 2000e, Title 42, U.S. Code, defines "protected religious practices" as follows:

"(j) The term 'religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business."

In the instant cause, the commission found that the motel discharged Walker because of her religion. The findings of the commission as to facts are conclusive if supported by reliable, probative, and substantial evidence. R.C. 4112.06(E).

There was reliable, probative, and substantial evidence before the commission that appellant was able to reasonably accommodate Walker's requests for some Sundays off to attend church service. At the time of her initial employment, she requested some Sundays off to go to church but was told that there was not sufficient employee coverage at that time to grant her request. However, she was encouraged to raise the issue again when the employment situation changed.

Appellant subsequently hired two additional housekeepers. One of them requested and was given Saturdays off to accommodate her religious Sabbath. Walker renewed her request for some Sundays off and was told she must work on Sundays or be fired. On a subsequent Sunday, Walker did not come to work and was fired. There was evidence that Fridays and Saturdays were the motel's busiest days and that the work on Sunday was about half as much.

The commission's findings of fact, conclusions of law, and order to the effect that appellant had violated R.C. Chapter 4112 was supported by reliable, probative, and substantial evidence.

As to the award of back pay, the commission had the authority to make such an award. *Ohio Civil Rights Comm.* v. *Lysyj* (1974), 38 Ohio St. 2d 217, 222 [67 O.O.2d 287]. An unconditional jòb offer by the employer of the same job from which a complainant alleges rejection terminates the employer's back pay liability. *Ford Motor Co.* v. *Equal Employment Opportunity Comm.* (1982), 458 U.S. 219.

In the instant case, the evidence indicates Walker was discharged in early July 1982 and refused an unconditional offer of reinstatement to the same job on November 5, 1982. The back pay award of the commission was limited to this period of time. Appellant argues that, even if discrimination occurred, no back pay award is appropriate since Walker testified she did not want to work for the motel after she was discharged. However, there was no evidence that she refused an unconditional offer of reinstatement before November 5, 1982.

The commission's findings of fact, conclusions of law, and order that Walker be awarded back pay less interim earnings was supported by reliable, probative, and substantial evidence.

We conclude the common pleas court did not err in finding that the commission's findings of fact, conclusions of law, and order were supported by reliable, probative, and substantial evidence.

*Judgment affirmed.*

McCORMAC and NORRIS, JJ., concur.

Cook, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.